UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIEL MARTINEZ, on behalf of himself and
all other persons similarly situated,

                    Plaintiff,               **COMPLAINT**

    -against-

EXCELL COMMUNICATIONS, INC.,

                     *Class Action*
                Defendant.       *Jury Trial Demanded*
------------------------------------------------------------X

Plaintiff, Daniel Martinez ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, Excell Communications, Inc. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action on behalf of himself and similarly situated current and former employees of Defendant who worked for Defendant in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violations of New York Labor Law § 191 ("New York Labor Law").

2.     Plaintiff seeks injunctive and declaratory relief, liquidated damages, attorneys' fees and costs and other appropriate relief pursuant to New York Labor Law § 198.

3.     Defendant is a project management firm engaged in the installation of network infrastructure for the wireless, fiber and utility industries in the State of New York.

4.     Defendant has annual gross revenue in excess of $41.8 million in annual revenue.

5.     Defendant employs fiber optic install technicians, fiber optic quality control techs, warehouse workers, fleet shifters, and other hourly-paid employees in the State of New York who are "manual workers" within the meaning of New York Labor Law, Article 6, Section 190(4).

Plaintiff and other Class Members spend more than twenty-five percent of their hours worked each week performing manual tasks.

6.      At all relevant times, Defendant compensated Plaintiff and similarly situated current and former employees of Defendant who are/were manual workers in the State of New York on a bi-weekly basis in violation of New York Labor Law, Article 6, § 191.

7.      Defendant failed to properly pay Plaintiff and similarly situated current and former employees their wages within seven calendar days after the end of the week in which these wages were earned. Thus, Defendant failed to provide timely wages to Plaintiff and similarly situated current and former employees who work or have worked for Defendant in the State of New York in violation of New York Labor Law, Article 6, §§ 191.

8.      Plaintiff brings this action on behalf of himself, and all other persons similarly situated who work or have worked for Defendant in hourly-paid positions in the State of New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, § 191, ("NYLL").  Persons who work or have worked for Defendant in executive, managerial, sales and/or clerical positions are not members of the class that Plaintiff seeks to represent.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  This is a putative class action in which there are 100 or more members in the proposed class, any member of the proposed class is a citizen of a state and any defendant is a citizen of a different state, and the amount in controversy exceeds the sum of $5,000,000.00 in the aggregate.

10.     Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and Plaintiff suffered the losses at issue in this District.

## PARTIES

11.     Plaintiff is a resident of the State of New York.

12.     Defendant is a foreign business corporation formed in Alabama with corporate headquarters and a principal place of business at 3608 7th Court South, Birmingham, Alabama 35222.

13.     Plaintiff was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

14.     Defendant is/was an "employer" within the meaning of NYLL § 190(3).

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

15.     Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant as fiber optic installation technicians, warehouse workers, fleet shifters and other manual workers in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint and the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members").

16.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendant.  Upon information and belief, there are more than 100 Class Members who have worked for Defendant in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint.  The hours assigned and

worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

17.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over 100 individuals who are currently, or have been, employed by Defendant in positions at any time during the six (6) years prior to the filing of the initial Complaint.

18.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of New York Labor Law section 191 and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

19.     Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by New York Labor Law § 191. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

20.     All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and

4

Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

21.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

22.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

23.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.  The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendant.  Moreover, the issues in this action can be decided by means of common, class-wide proof.

24.     The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

25.     In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

26.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## PLAINTIFF'S FACTUAL ALLEGATIONS

27.     Plaintiff has been employed by Defendant as a fiber optic installation technician since in or about March 2022.

28.     Plaintiff's job duties include the installation of fiber optic cabling to provide residences and businesses with high-speed internet access; installing, repairing, and maintaining fiber optic cables, wires, and plug-in active equipment to connect telecommunication systems and equipment; connecting wires and cables to terminals and attaches/detaches various kinds of hardware to wires, cables, buildings, or poles; and performing tasks such as placing cable, air pipe, and inner duct in various types of conduit systems and open excavations. Plaintiff spends more than twenty-five percent of his hours worked each week performing manual tasks.

29.     Defendant employs fiber optic quality control techs who connect wires and cables to terminals and attach/detach various kinds of hardware to wires, cables, buildings, or poles; perform aerial tasks such as new cable installs, pole transfers, strand building, cable hanging, lashing; and place cable, air pipe and inner duct in various types of conduit systems and open excavations. Fiber optic quality control techs spend more than twenty-five percent of their hours worked each week performing manual tasks.

30.     Defendant employs fleet shifters who are responsible for allowing its fleet vehicles to stay on the road by dropping off vehicles for repairs, picking up parts or delivering vehicles in the field, running parts to various locations, and checking vehicles to identify basic maintenance needed. Fleet shifters spend more than twenty-five percent of their hours worked each week performing manual tasks.

31.     Defendant employs warehouse workers who pick material orders for its field crews and vendors, operate warehouse equipment and are responsible for general warehouse and property upkeep.  Warehouse workers spend more than twenty-five percent of their hours worked each week performing manual tasks.

32.     Defendant failed to pay Plaintiff and Class Members "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned" as required by New York Labor Law § 191.  Instead, Defendant paid Plaintiff and Class Members on a bi-weekly basis pursuant to its payroll policy in violation of New York Labor Law § 191.

33.     Plaintiff and Class Members suffered an underpayment of wages each pay period because Defendant failed to pay their wages on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, as required by NYLL § 191.

34.     Plaintiff and Class Members are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

35.     Every time that Defendant failed to pay Plaintiff his wages earned within seven days of the end of the workweek, Defendant deprived him of the use of money that belonged to him. As a result, Plaintiff was unable to do those things that every person does with their money,

such as paying bills or buying goods that he needed or wanted to buy. Moreover, by retaining money that belonged to Plaintiff, Plaintiff lost the time value of money.

36.    Defendant failed to provide Plaintiff with notice of his wage rate and the basis of pay upon her hire as required by New York Labor Law § 195(1).

## FIRST CLAIM FOR RELIEF
## FREQUENCY OF PAYMENT VIOLATION

37.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

38.    Plaintiff and Class Members are "manual workers" as defined by the New York Labor Law.

39.    Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

40.    Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiffs and Class Members bi-weekly in violation of New York Labor Law § 191.

41.    Plaintiff and Class Members suffered an underpayment of wages each pay period because Defendant failed to pay their wages on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, as required by NYLL § 191.

42.    Plaintiff and Class Members are entitled to liquidated damages in an amount equal to the total of the delayed wages, plus reasonable attorney's fees and costs.

## JURY TRIAL DEMANDED

43.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

44.    Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.)     Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

(ii.)    Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(iii.)   Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(iv.)    Damages pursuant to NYLL § 198;

(v.)     Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(vi.)    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
        July 18, 2022

LAW OFFICE OF PETER A. ROMERO PLLC

By:     */s Peter A. Rome*ro

PETER A. ROMERO, ESQ.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*